EDMONDSON, Circuit Judge, dissenting in part and concurring in the result in part:


A great deal of today's opinion is right. I cannot concur, however, in the decision on Karen Jurls.

In my judgment, when Ms. Jurls in 1992 acted or failed to act, it was not already clearly established as a matter of law that the rights, under the fourteenth amendment's due process clause, of mental patients involuntarily civilly committed to state institutions would always be the same as the rights, under the eighth amendment, of convicts in prisons even if the circumstances were otherwise similar. Therefore, I cannot agree that Ms. Jurls (and every reasonable social worker in her place) would be expected to know that Greason v. Kemp. 891 F.2d 829 (11th Cir. 1990) -- a prison case decided on eighth amendment grounds -- clearly established as a matter of law the rules governing her conduct outside of a prison and under the fourteenth amendment.

The difference between a prison and some other kind of institution and the difference between the eighth amendment and the fourteenth amendment's due process clause are enough, at least, to cloud the question. To apply Greason outside of a prison is not to follow Greason, but to extend it. I do not believe that nonlawyers must foresee such extensions or forfeit their immunity. To me, this practice flies in the face of the idea that qualified immunity protects against personal liability unless the defendant's acts violated clearly established pre-existing law.

I know that the Supreme Court in Romeo wrote among other things that persons civilly committed are "entitled to more

considerate treatment and conditions of confinement than criminals whose conditions of confinement are designed to punish." But those words are not the holding of <u>Romeo</u>. They explain the <u>Romeo</u> decision in part: they explain why the "deliberate indifference" standard used for prisons was not adopted for mental institutions. But <u>Romeo</u> does <u>not</u> hold that every act that violates the eighth amendment rights of a prisoner will doubtlessly violate the due process rights of those involuntarily civilly committed to state institutions. In my view, this idea is not clearly established as a matter of law now and was not so established in 1992.

I do not say that the Supreme Court's words that I have quoted are totally without significance; they have some value as predictors. But, I do say the words do not establish law, in themselves. And, by the way, this Circuit has also never held that the due process rights of mental patients always, at least, equal the eighth amendment rights of prisoners. Therefore, today's court's heavy reliance on <u>Greason</u> -- an eighth amendment decision -- as the case that in 1992 had already <u>clearly</u> <u>established</u> rights outside of the eighth amendment's prison context seems too shaky. I cannot go along.

For me, <u>Greason</u>, in the light of the words I have quoted from <u>Romeo</u>, does <u>suggest</u> that courts might ultimately decide that the law requires mental health workers outside of prisons to follow or to exceed the eighth amendment guidelines. But, in <u>Lassiter</u>, we said for precedent to <u>suggest</u> something about the applicable law was just not enough.

2

We said the "pre-existing law must dictate, that is, truly compel (not just suggest or allow or raise a question about), the conclusion for every like-situated, reasonable government agent that what defendant is doing violates federal law _in the circumstances_." _Lassiter v. Alabama A & M University, Bd. of Trustees_, 28 F.3d 1146, 1150 (11th Cir. 1994) (en banc) (emphasis in the original).

In 1992, _Greason_ did not (and in my view, as a matter of law, could not) truly _dictate_ the essential conclusion for Karen Jurls and those like her who were working outside of prisons. I cannot hold this social worker to a clearer understanding of the law -- particularly of the precedential authority of _Greason_ -- than I have.

I dissent from the result for Karen Jurls, but concur in the result otherwise.

**Enclosure**